# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN S. WISE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0774** (BOR Appeal No. 2049075)
            (Claim No. 2004051634)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian S. Wise, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 11, 2014, in which the Board reversed a December 13, 2013, Order of the Workers' Compensation Office of Judges insofar as it granted authorization for the medication Norco.[1] In its Order, the Office of Judges reversed the claims administrator's May 16, 2013, decision denying authorization for Norco, denying authorization for a consultation with a spine surgeon, and refusing to add failed low back surgery syndrome as a compensable condition of the claim. The Office of Judges added failed low back surgery syndrome as a compensable condition and granted authorization for the medication Norco and a consultation with a spine surgeon. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The only issue presented in Mr. Wise's appeal is whether the Board of Review erred in denying his request for the medication Norco.

1

Mr. Wise was injured on June 1, 2004, while working as a coal miner for Consolidation Coal Company, when he stepped into a ditch in an underground mine. The claim was held compensable for a lumbar sprain and a sprain of an unspecified site of the hip and thigh. Immediately following the injury, Mr. Wise came under the care of Charles Denunzio, M.D., who initially treated him conservatively with physical therapy and injections. An MRI was also taken of his lumbar spine which revealed a moderately large disc herniation at the L5-S1 disc as well as degenerative changes at the L3-4 and L4-5 discs. A second MRI was taken the next year which revealed that the L5-S1 herniation had decreased in size since the previous MRI, but it also showed bulging at the L3-4 and L4-5 discs. Several years later, Bruce Guberman, M.D., evaluated Mr. Wise and found that he had surgery on his L5-S1 disc herniation and continued to have persistent pain and tenderness in the lumbar spine. Dr. Guberman also found that Mr. Wise had symptoms indicative of left S1 radiculopathy. A year later, Dr. Guberman evaluated Mr. Wise a second time and determined that the diagnosis of disc herniation should be added as a compensable condition of the claim. Dr. Guberman noted that Mr. Wise had left leg atrophy and sensory abnormalities which were consistent with a lumbar disc herniation and radicular pain.

In the course of litigation surrounding the claim, herniated disc and intervertebral disc disorder were added as compensable conditions of the claim. Based on these additional diagnoses, the Office of Judges issued three separate Orders authorizing an L5-S1 microdiscectomy, an L4-5 laminectomy, pain management treatment, and a prescription for Vicodin. These surgeries were performed on Mr. Wise's L3, L4, L5, and S1 discs on May 18, 2011, and even though they helped with some of Mr. Wise's left leg radiculopathy, he continued to experience low back pain and some left leg symptoms. Joseph Grady, M.D., then evaluated Mr. Wise and found that he had reached his maximum degree of medical improvement. Dr. Denunzio, however, found that Mr. Wise continued to have chronic pain related to his lower back. Mr. Wise also came under the care of Amrik S. Chattha, M.D., who found that he continued to have pain in his back radiating down the left leg. Dr. Chattha recommended consultation with a spine surgeon to ensure that Mr. Wise did not have a surgical lesion. Dr. Chattha also recommended that Mr. Wise receive a prescription for the medication Norco. He submitted a request that the diagnosis of failed low back surgery syndrome be added as a compensable condition of the claim. Dr. Chattha noted that Mr. Wise had chronic low back pain.

On May 16, 2013, the claims administrator denied Dr. Chattha's request for the medication Norco and a consultation with a spine surgeon. The claims administrator also denied the addition of failed low back surgery syndrome because there was no medical documentation to support the requests. On December 13, 2013, the Office of Judges reversed the claims administrator's decision. The Office of Judges added failed low back surgery syndrome as a compensable condition of the claim. It also Ordered that the claims administrator authorize the medication Norco and a consultation with a spine surgeon. On July 11, 2014, the Board of Review affirmed the Office of Judges' Order insofar as it added failed low back surgery syndrome to the claim and authorized a consultation with a spine surgeon. The Board of Review, however, reversed the Order of the Office of Judges insofar as it granted Mr. Wise's request for the medication Norco, leading Mr. Wise to appeal its decision.

The Office of Judges concluded that the condition of failed low back surgery syndrome was directly related to the prior surgery authorized under the claim. The Office of Judges based this determination on the report of Dr. Chattha. The Office of Judges also determined that it had previously authorized the surgery after herniated disc and intervertebral disc disorder were added as compensable conditions of the claim. The Office of Judges found that, following the surgery, Mr. Wise continued to experience low back pain and left leg symptoms. It also found, based on Dr. Chattha's treatment notes, that Mr. Wise's ongoing symptoms were related to his failed back surgery. The Office of Judges noted that Consolidation Coal Company did not submit any evidence to rebut Dr. Chattha's assessment, and therefore, the Office of Judges relied upon his opinion. The Office of Judges also concluded that the medication Norco and a consultation with a spine surgeon were related to the newly added condition of failed low back surgery syndrome. The Office of Judges found that Dr. Chattha's request for the medication and the consultation was reliable. The Office of Judges found that it was reasonable for Mr. Wise to receive an additional surgical consultation considering that his pain continued following the prior surgery. The Office of Judges also found that the use of Norco to treat Mr. Wise's chronic pain was reasonable considering that his continuing pain related to his failed low back surgery.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order insofar as it added failed low back surgery syndrome as a compensable condition of the claim and authorized a surgical consultation. However, the Board of Review concluded that the Office of Judges was clearly wrong insofar as it authorized the medication Norco. The Board of Review found that Norco was a schedule III controlled substance and under West Virginia Code of State Rules § 85-20-53 (2006), it should not be prescribed for longer than six weeks after the initial injury or surgical procedure. The Board of Review determined that it had been longer than six weeks since the compensable injury or any surgical procedure. The Board of Review also found that Dr. Chattha did not provide the information required to justify a longer prescription of a schedule III medication.

We agree with the conclusions and findings of the Board of Review. Mr. Wise has not demonstrated that the medication Norco is medically related and reasonably required to treat his compensable injury. West Virginia Code of State Rules § 85-20-53.14(b) provides that schedule III medication "should be prescribed on an outpatient basis for no longer than six weeks after initial injury or following a subsequent operative procedure." The current request for Norco falls well outside this time limit for treatment. Mr. Wise has not demonstrated that this is an extraordinary case in which a schedule III controlled substance should be authorized beyond the allowed time limit. The evidence in the record does not sufficiently support authorizing the medication Norco in light of the direction in West Virginia Code of State Rules § 85-20-53 that opioid medication not be used to treat chronic pain. The Board of Review was within its discretion in denying authorization for the medication Norco.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED:   June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II